Good morning, Boulb v. United States Good morning, Your Honors, and may it please the Court. My name is Morgan Stacey, a third-year law school student at Notre Dame, under the supervision today of Attorney Bob Palmer. We have been appointed by the Court to represent the petitioner in this matter, Mr. Brian Boulb. This Court has issued a Certificate of Appealability in this case regarding two issues. I might say I'm surprised you made it. I hope you came... You didn't come this morning? Yesterday. Yeah. How'd you get here? Oh, weather was decent. Once I got south of the lake, it was clear. But getting to the south part of the lake was tricky. Dog sled or you got to... I got to go back. But I take the train. Is the train running?       Is the train running? I'm not so sure. I mean, Amtrak. Is your... Both of my compatriots came in from Indiana. I got to go back. I got to go back to Indiana, too. And I hadn't anticipated seeing them either. So I'm pleasantly surprised all around. We would never miss it. The first issue in this case is whether or not Mr. Boulb's claim of mental incompetence warrants equitable tolling of the one-year statute of limitations. It's true Mr. Boulb did file his 2255 after the one-year statute of limitations had already lapsed. However, within that 2255, Mr. Boulb claims that he's functionally illiterate and mentally incompetent and further attached an inmate education data transcript to more support this allegation. This is more than just a conclusory statement that Mr. Boulb is mentally incompetent because he did attach those inmate data transcripts. It's true those transcripts are not dispositive and remain unclear. However, to liberally construe Mr. Boulb's claim as we do for pro se litigants would mean that to remand to the district court for an evidentiary hearing would be the most appropriate relief in this case. The trend within the district courts within this circuit since this court's decision in Davis in 2014 has been to give evidentiary hearings to pro se litigants that allege mental incompetence before dismissal of their 2255s as untimely. At what stage are you trying to determine about his, I guess, mental disability? Excuse me. Earlier convictions? Whether or not he was mentally incompetent in filing his 2255 and if that interfered with his ability to timely file it. The mental incompetence claim also made in the 2255 does address a prior 2008 state court conviction in which Mr. Boulb has alleged he did not knowingly waive his right to counsel. Is this when he pleaded guilty with the offer of a plea from the prosecutor? Yes, your honor. And the prosecutor was his former attorney when he had a previous criminal claim? Yes, your honor. Mr. Boulb. DUI or something? Yes. The defense attorney in a prior DUI of Mr. Boulb's was then the prosecutor in his 2008 state court conviction. That 2008 state court conviction was used as a prior conviction at his federal sentencing when he was sentenced as a career offender because the career offender status requires two prior state court convictions. In addition to the allegation of the defense attorney prosecutor confusion, Mr. Boulb also has drawn to light that his waiver of counsel may not have been recorded verbatim, which is required under Illinois law. However, the issue of equitable tolling regarding Mr. Boulb's mental incompetence has not been addressed by the district court at all and rather the district court dismissed Mr. Boulb's as untimely without hearing any argument or conducting any fact finding regarding the claim of mental incompetence. It's also the trend within circuit courts in America to give evidentiary hearings before dismissal of 2255s or habeas relief in general before dismissing as untimely. If this court were to remand to the district court for an evidentiary hearing to determine the mental, whether or not Mr. Boulb's mental incompetence interfered with his ability to timely file his motion, they may very well reach the same result and dismiss his motion, but they would be doing so after investigating this claim made by a pro se litigant that he's mentally incompetent and functionally illiterate and was incapable of timely filing his motion. I'm curious, are we talking about his history about that one where he pleaded guilty earlier to I think it was some kind of a drug crime, wasn't it? Yes, in 2008 it was a drug crime. Yeah, is that, we have to determine whether he is presently mentally incapacitated so that back then that plea was error and therefore shouldn't be on his criminal history? Yes, and no, your honor. His mental incompetence in regards to the 2255 is whether or not he was mentally incompetent and therefore incapable of filing his 2255 timely and whether or not that mental incompetence would warrant equitable tolling since he did file untimely in this case. Okay, so we're talking about the present 2255? Yes, the 2255 also addresses whether he was mentally incompetent in 2008 when he made that waiver, but he filed. What's he tendering to show that he's incompetent? He supplied an inmate data education transcript along with his 2255 and submitted an affidavit alleging that he's incompetent. Almost any inmate, well not any, most inmates would do that. That's true. And claim exactly what he's claiming, that he was not competent. Yes, that's true, your honor. But Mr. Bulb is proceeding pro se or was proceeding pro se in his 2255. He made the claim of mental incompetence within that and therefore that should be enough to trigger an evidentiary hearing at the district court level to more fully investigate the claim that was made and whether or not... Well, but we can also look at the fact that he claims that he didn't know the difference between being represented by whatever his name is as a personal lawyer and then being prosecuted by him? Yes, that is also true. So the mental incompetence that Mr. Bulb alleges, at least in terms of the 2255... Well, I understand that that's a claim. Yes, your honor. So we respectfully ask that this court remand to the district court for an evidentiary hearing just to determine whether or not Mr. Bulb is in fact mentally incompetent, so much so that it interfered with his ability to timely file the motion. And so it would then reflect back to the, whatever it was, 98 or 80, whatever it was when the prosecutor, former defense attorney, offered a plea and he accepted it? Yes, your honor. So that brings us to the second issue. So we're not having a lawyer on his side, and then I guess the present 2255 would reflect back on that? Is that what you're saying? So it could not be part of his criminal history? Yes, your honor. So in the event that the 2255 is not dismissed as untimely due to equitable tolling, then the merits of Mr. Bulb's claim is that in 2008, he was improperly convicted in violation of his right to counsel, so a Sixth Amendment violation. You're in your rebuttal time, if ever you'd like to hold off. Thank you very much, your honor. I reserve the rest of my time for rebuttal. Thank you, counsel. Mr. Norwood? Thank you, your honors, and may it please the court. One thing I want to point out to begin with is Mr. Bulb has never claimed that his intellectual disability was the reason he filed his 2255 late. In his petition that he filed, and I point the court to, it's page 19 of my brief, he was appealing or trying to appeal his 2008 state court conviction in the Illinois Appellate Court. That was taking, I guess, longer than he thought, but he put in his 2255 motion, he was waiting for that decision to come from the Illinois Appellate Court, and this is the reason for the lateness of this 2255 filing. Petitioner further prays that this is sufficient reasoning to excuse the delay in the filing. So it wasn't his intellectual disability, he was waiting the outcome of a separate state court case involving his prior conviction, and that's why he filed this case late. That's what he told me. It's not an exhaustion issue, then, is it, if it's a different case? It's a completely different issue, Your Honor. So that's what's at stake here. He is not even claiming that his intellectual disability was the reason why his 2255 was late, and I think Judge Kaney mentioned, just simply saying, I'm intellectually challenged or intellectually disabled, therefore my 2255 can be three months late, three years late, is going to open up the floodgates if a district court has to have a hearing simply because an inmate says, I'm intellectually disabled. And that's why my petition is now three years late, three months late, two years late, whatever. It's going to open up the floodgates for inmates to just try to get another chance to file 2255s, just claiming I'm intellectually disabled. And that's the concern in this case, where especially where a petitioner is not even claiming that's the reason why his 2255 is late. The merits of his underlying conviction were never addressed by the district court or the government, because we advised the district court, this 2255 is completely untimely, you should dismiss it. If you choose not to dismiss it, we'll address the merits. If Your Honors want to know, there was a case back in, I think it was 2008, and we have a transcript from the state court, change of plea proceeding, and it was a sentencing the same day. It's not in the record because we had not addressed the merits yet before the district court. The assistant state's attorney at that hearing was not the person who made the offer to the defendant, who he claimed he thought was still representing him. It was a different assistant state's attorney and a judge who advised the defendant of his rights to counsel, and the defendant wanted to represent himself. So it wasn't the same guy then? No, Christopher David Hyde was the state's attorney in Richland County at the time. David Hyde had previously represented Mr. Bulb, according to Mr. Bulb, as the defense attorney, then got elected state's attorney. The assistant state's attorney in court that day for Mr. Bulb's change of plea and sentencing was a completely different assistant state's attorney. It was Todd Reitz, I believe, according to the transcript. That's not in the record because we hadn't addressed the merits yet, but... Well, they bring it up. I'm sorry. Go ahead. They bring it up because it's supposedly the same guy. That doesn't seem to be the case. The assistant state's attorney who was present at the change of plea was not the same person who allegedly talked to Mr. Bulb. So there's another assistant state's attorney who offered the plea that he accepted? Yes, Your Honor. It was the state... Actually, David Hyde was the state's attorney. It was an assistant state's attorney who handled the hearing. So he was the named guy. Well, it's not the guy he was face-to-face with, though. Yes, and if it gets to that point, I don't think it should ever get to that point, but if it does, we'll address those merits with the district court first before this court. But again, the government's position is very simple. The defendant petitioner did not even claim in any of his pleadings that the reason... That thing, the matter you just discussed of the assistant state's attorney not the same is a matter of record in the state court, right? Yes, Your Honor. I have the transcript. I'll be glad to submit it. No, I don't want to see it. I'm just saying it. I'm concerned about going outside the record, but if it's a matter in the record in the state court... When I say it's a matter of record in the state court, I ordered the transcript from the court reporter and received the transcript. I don't know if it's in the state court record or not. So I don't want to mislead the court by saying it's in the state court record. So if you have any questions, I'll be glad to answer them. Thank you, Your Honor. Thank you. You've got two minutes. Your Honor, this court did find that Mr. Bulb had alleged facts sufficient enough to bring the issue of whether or not his mental incompetence did interfere with his ability to timely file. And that is why this court has issued a Certificate of Appealability regarding the issue of mental incompetence that Mr. Bulb has raised. It's true this court does not grant Certificates of Appealability over issues that they find are winning issues. However, it was important enough... You're saying because we granted a Certificate of Appealability, we said we'd look at it, right? Yes, Your Honors. And that someone on this court found Mr. Bulb's claim of mental incompetence to be important enough to warrant me to stand before you now and argue for it. This is because he did not just claim he was mentally... Someone not a member of this panel. I would not know, Your Honor. But he did make a claim of mental incompetence and further supplied a data transcript to try and support this. And because of that, an evidentiary hearing is the most appropriate relief in this case at the district court level to fully investigate that claim and whether or not it did interfere with his ability to timely file the motion. Further, as the government has said, the transcript from that state court conviction is not part of the record and is irrelevant as to whether or not the motion is timely or if it warrants equitable tolling. And just to briefly address the issue of opening the floodgates, this court did decide in Davis that equitable tolling is something that may be supported by a claim of mental incompetence. If the court is concerned about opening the floodgates with pro se litigants claiming mental incompetence, it did so already in Davis V. Humphreys. But they say they didn't raise the issue of incompetence. I'm just taking what the government says. Yes, Your Honor. That is the government's position. However, it's our position that Mr. Bulbs 2255, in which he claims he's functionally illiterate and mentally incompetent while also attaching an inmate data transcript, was his claim of mental incompetence. And his 2255, in which he says that he's awaiting the Illinois Appellate Court to come down with a decision and that's the reason for his untimeliness, that's not his exclusive reason for filing untimely. That it's also this claim of mental incompetence that he's raised within the 2255. Thank you. Thank you very much. We ask that. Ms. Stacey, you and Notre Dame Law School have the appreciation in this court for your fine representation of your client and participating in this program. Thank you very much. Thank you very much, Your Honor. Thanks to both counsel. The case is taken under advisement.